(81 Misc. Rep. 126.)

### FEINGOLD v. I. WIESENBERGER CO.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

FRAUD (§ 13*)—FALSE REPRESENTATIONS—STATEMENTS NEGLIGENTLY MADE.

A purchaser, who bought a pawn ticket calling for a diamond ring, and, after redeeming the ring, discovered that the stone was not genuine, cannot maintain an action for deceit against the pawnbroker, in the absence of evidence that the representation was made with knowledge of its falsity.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. § 13.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Herman Feingold against the I. Wiesenberger Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Louis Rosenberg, of New York City, for appellant.
Abraham Beck, of New York City, for respondent.

LEHMAN, J. The plaintiff purchased a pawn ticket issued by the defendant. The pawn ticket described the pledge as one "D" ring; the letter "D" standing for the word "diamond." He claims that he took the ticket to the defendant's shop and asked to see the ring, but was told by the defendant that they "do not show." He then redeemed the ring for the sum of $61.80. As soon as he received the ring, he saw that it was evidently not a diamond ring, and demanded back the sum paid to redeem. His demand was refused, and he thereupon brought this action for fraud and deceit, in that the defendant falsely represented that the ring was a diamond ring.

No principle is better established in our jurisprudence than that there can be no recovery for fraud unless a false representation has been made, either with knowledge and intent to deceive, or has been made by a person not knowing whether it was false or true, and not caring what the fact might be, recklessly paying no heed to the injury which might ensue. In this case the plaintiff has absolutely

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

failed to show actual knowledge on the part of the defendant, and, though he has shown negligence on its part, it certainly cannot be said that the representation was made by a person who did not know or care whether the representation was true or false, for the pawnbrokers themselves advanced the sum now sued for on their belief in the value of the ring.

It follows that judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

WHITAKER, J., concurs. BIJUR, J., concurs in the result.